Good morning, Your Honor. Nicole Sykes for the attorney for Peter H. Arkeson, who is a Chapter 7 trustee in the U.S. Bankruptcy Court. I'd like to reserve time for rebuttal. May it please the Court, the main issues before the Court today are whether the appellee, U.S. Bank, established that they have sufficient interest to obtain relief from the automatic stay and whether a copy of a copy of the original note meets the federal rules of evidence as a duplicate under Rules 1003 or the Business Records Exception under 803. And finally, whether the declaration provided with the motion for the relief from stay stating that the appellee, U.S. Bank, holds the original note meets the federal rules of evidence as a self-authenticating document. We contend that the answer simply is no to all these questions. U.S. Bank has provided a copy of a copy of the original note which certified by the original lender from 2006 for CTX Mortgage LLC. In the motion for relief from stay was filed in 2011, nearly five years later. In the declaration for the motion for relief from stay, the declaration provided simply U.S. Bank, in their paragraph 3, states, we hold the note. If U.S. Bank is a holder of the original note, then why are they only providing a copy of the note certified by a lender from January 19, 2006 when the debtor, Ms. Toni-Marie Griffin, got her original principal mortgage in the amount of 220 from CTX? There's no dispute that the debtor is currently in default to the party that now holds the note. The issue here today is who actually holds the note and where is the original note? We're not trying to make this case of show me the note, but what we are trying to do is make this a case of why would a mortgagor provide in the declaration and their supporting motions a copy of a copy with a stamp affixed by the original lender? If they simply had the original note in their possession, why not provide a copy of that original note as required? So this is like one of those circular conundrum within a conundrum kind of thing. So I know, so you start with saying, well, I'm not in the show you the, show me the note business, okay, so we'll put that over here. What then is the difference under the rules, and you're not contesting authenticity, what is the difference then between a copy of a duplicate? I think, I think authenticity does kind of come into play in the sense that if they had the original note, right, and all that's required is a copy be provided in their declaration for the most relief from stay, why not affix a stamp to the current, as they purport to be the current holder of the note, why not affix a stamp that U.S. Bank, this is a certified copy, and it's signed by a party of U.S. Bank. But rather what they... Are you saying that the court should infer that the declaration is false, that the declaration that they hold the original note is false, and we should infer that because they didn't make a copy of it, is that your argument? I think that is part of the argument, yes, that the declaration itself is incorrect. The declaration stating, and if I could copy, if I can read from that paragraph two, line 19 reads, I personally know that the records kept are in the course of a regular conductive business. I offer the testimony and declaration based on my view of the relevant business records, and we're assuming again that the note is what she's referring to. She says creditor is now the holder of the original promissory note, as the term is defined by the Uniform Commercial Code. Our question is, if they are in possession of this original note, why have they just simply not provided a copy of that original note as part of their declaration? But that's kind of a different question than, I mean you can ask them that, not these guys, but you know, why haven't you? But that's a different question than, is what they have provided sufficient, isn't it? I think it's, and I'm trying to parse the difference between what has been provided and what is required, and what is required at a minimum, right, is not show me the original, but show me at least a copy of the original. And what they have provided simply is not a copy of the original, because if it truly was the original, then why would you have a stamp affixed by mortgage company? Assume that we agree with, I guess, Carol, that it doesn't matter whether it's a first copy or a copy of a copy, if there's no question about authenticity, which you haven't raised. So let's assume that a copy of a copy is perfectly admissible and acceptable, then what is your argument if we agree with Carol on that point? Well, I think the argument goes again to what is required for most relief from stay. And in regards to what you're referring to in Carol, is that what is generally required is not the original document, but at a minimum, a copy of that document. Well let's assume a copy of a copy is okay. Now would your argument then be the declaration is invalid or the declaration is insufficient or they need to provide something in addition to the declaration to show that they possess the original? I think the declaration on its face generally would be self-authenticating the document, saying that yes, we hold it in our possession, we have it, it's a part of our normal records, I've looked at the actual document, the original document, and I'm providing a certified copy. What they are saying is that they are the holder of the original. And what our question is, if they are truly the holder of the original, and if you go to state law and you look to the UCC or the RCWs in Washington State, what is required with possession is, is this person actually a holder of the note? And I'm not sure if, you know, I'm clearly answering in regards to Carol, but I think our question or the issues raised today is a copy of a copy. If it was of the original, it would be sufficient, but that is not what we have here today. We do not have a copy of a copy of the original note. Why not? Because if it truly was the original note, Your Honor, why would it have a certification from a prior mortgagor nearly six years ago? Well, it was a copy of an original, correct? It was a copy of the original CTX from 2006. But now we're in 2011. Right. U.S. Bank is saying we are now in possession of the note. We are providing a copy of the original note. But rather than provide an actual copy of the original note, they provide a certification by a prior mortgagor nearly five years ago. I mean, now we're in 2013. So let's say that in their files they have the original note. They have this copy of the original note with the certification from CTX. They made, for whatever reason, a copy of the CTX copy rather than a copy of the original note, and they submit it. Is it your position that that is inadmissible under the federal rules? We believe it is inadmissible under the federal rules. Because originality, if there is a question, the federal rules clearly state, if there's a question with authenticity or if there's a question with the duplicate that is being possessed that has been presented for this motion or as a self-authenticating document, that you can raise issues. But what's the issue? You go back to the same issue as you're really saying, show me the note that you started with. I'm not asking you to put the note on the table. So I'm a little confused because if they decided to just make a copy of the duplicate that was annotated, that's really no different than a copy of the original, is it? I think it is different, Your Honor, because, again, we're talking about seven years later. Now we're in 2013. This is an issue that was originally raised in 2011. Why does the passage of time make a difference? I'm not understanding that part of your argument. I guess the factor of time means this has been presented at BAP. We are now in front of this court here. If they actually did have the original note and simply made a copy of the original note presented in the multiple briefs that we have filed, I think this issue would be done. It would be sufficient. So that gets back to your argument or to the suggestion that the court should infer that they don't hold the original note? We believe they do not hold. Because they haven't? Is that what your argument is? That is absolutely what my argument is, Your Honor, that we believe that they do not have the original note in their possession. Because if they did have the original note, I believe this note would have been provided, or at least a copy of the original note, as is required. You can provide a duplicate. Federal Rules of Evidence allow you to provide a duplicate, but that is not what is presented before you. What we have is a copy, a certified copy, which has been reprinted who knows how many times. This issue, again, could have been dealt with in 2011. Simply provide a new copy of the original. So rather than litigate up to the Ninth Circuit the question of whether a copy of the copy is impossible, why didn't they just come up with a copy? Is that what you're saying? That's what we're saying. I mean, if they are truly in possession of the note, I think this issue could have been settled months ago. But we are still here. There has been no copy of the original. When I stated that, show me the note, show us the original, we are not looking for the original. At the minimum, what we are looking for is simply who holds the note, who possesses that note as required. So you're looking for a copy without the annotation? Copy without the annotation, simple as that. Because if they were truly in possession of that note, it would not have that annotation by the original mortgagor, and I believe it was January 29th of 2006. Okay. Why don't we hear from them? Good morning, Your Honors. May it please the Court. My name is Fred Burnside. With me is Joshua Tysak with Davis-Wright Tremaine here representing U.S. Bank. At the outset, what I wanted to do is three things today. I want to briefly summarize the facts and procedural history based on some of the statements just made. I want to explain why the evidence in the record shows that U.S. Bank presented a colorable claim to its entitlement to enforce the note, and that's all that's required. And most importantly, answer Your Honor's questions, and at the outset, what I want to point out is some things that aren't truly before the Court. One issue that is not before the Court that was not argued to Judge Overstreet is the evidentiary issues under 1003 or 803. None of those rules or arguments were made in the Bankruptcy Court at all, and I think that they are waived here to make them now. Regardless, they keep asking, well, why wasn't the original copy? Why wasn't it attached? And the Theros opinion that we cited in our papers speaks to that. Well, it talks about, and this is at 2011 Westlaw 462564. Again, that's 2011 Westlaw 462564. And that's a case by Judge Kuhnauer where the exact same argument was made, which is you've got a copy of a copy. That's no good. You should have the original. How do we know you're the holder? And Judge Kuhnauer said, well, in the opinion, it says the declaration attests that the original is located in a secure storage vault in Wachovia Mortgages Service Center in San Antonio, Texas. And that's the real reason here is the reason, one of the many reasons lenders don't come up and provide original notes to the court is that they're stored in secure facilities because they're required to be stored in secure facilities. There's tremendous risk in shipping notes around and moving them around. And against my better judgment, the client has given me the original note. I hold it in my hand here today and I'm happy to meet with her and show it to her later. But the point is, you don't. You know what? This case should not be in the Ninth Circuit. If you had that original note, why didn't you make a copy of it and have the same lady from the bank certify it and give it to them? And we wouldn't have a case. Because ultimately, lenders shouldn't be required to go and go through the extra risks and burdens of coming up with the original note. But then why did you even do that today when we, I mean, presumably you've got the original note there. It's a little unusual. But let me just ask the Trustees Council, if you have the original note, would you withdraw your appeal? I understand. I received it yesterday, Your Honor, which is why. I'd hoped to get it to attach it to a brief. But ultimately, the risks associated of loss and theft and damage. I understand all of that. But somebody in the bank vault could have made a copy of it. I mean, I'm not saying whether you're right or wrong on the merits. But when you look at the resources spent by the parties here over a simple question that could be answered, you don't need to bring a note from Texas or wherever the vault is located to Seattle in order to resolve this question. Agreed. But it's not just this case, right? They don't want to be held to every, I mean, thousands of state relief motions filed every single day across the country. They don't want to be required to have to do more than the rules require, which is they had a declaration sworn under penalty of perjury saying, we hold the note. They aren't required to even attach a copy of the note, as long as they have admissible evidence, which is a declaration saying, we hold the note. If they want to adjudicate the merits in a subsequent proceeding, they can do that. But all that's required now is a colorable claim. And so. But do we, you know, she has just said, if you have the original note, withdraw their appeal. So I don't see a purpose for arguing further. Here's what I'm going to propose with the concurrence of the panel, is that we will hold this case in abeyance for one day, and the parties can advise us tomorrow whether or not the appeal will be continued. If it is, then we'll make a decision on it. All right. Thank you, Your Honor. Thank you. Thank you. The case just argued. In re, Tony Murray Griffin will be withheld from submission for 24 hours. We'll wait to hear from counsel tomorrow by communication with the clerk of the court as to the status of appeal. Thank you. And with that, we're adjourned for the morning. All rise. This court's discussion has adjourned. The court is adjourned. The court is adjourned.
judges: Alarcon, McKeown, Ikuta